MARK A. HUSON, plaintiff in error, *vs.* G. B. ROBERTS *et al.*, defendants in error.

When a suit was instituted by one partner against his co-partners to re-cover his share of the proceeds or profits of the copartnership, and it appeared in evidence that the copartnership contract was for the pur-chase and sale of tobacco, for the mutual benefit and profit of the partners themselves, one of whom was to furnish the transportation of the tobacco from Augusta to Macon, and the partner who was to furnish the transportation of the tobacco made a contract for the transportation of the same with a Quartermaster of the Confederate Government, with the knowledge and consent of the other partners, to have the tobacco transported in Confederate Government wagons as the same were returning empty from the railroad depot, and agreed to pay for such transportation of the tobacco either in bacon or Con-federate money :    *Held,* that this was not such an *executory* contract, made with *the intention,* and for *the purpose,* of aiding and encourag-ing the rebellion, as made it illegal and void ; that the intention and purpose of the contracting parties was to aid and benefit *themselves,* and *not to aid and encourage the rebellion,* and that the Court below erred in granting a new trial in the case on *that ground.*

*Held, also,* that there is sufficient evidence in the record to sustain the verdict of the jury.

Illegal contracts.    Before Judge COLE.    Bibb Superior Court.    May Term, 1869.

Huson sued said Roberts and others for his share of the profits of certain tobacco bought by him and shipped to them, to be sold on joint account.    The contract, purchase, ship-ment and sale were shown.

It appeared that, in the winter of 1864, after all rail com-munication between Macon and Augusta, Georgia, was des-troyed, plaintiff and defendants formed a partnership for the single venture of buying tobacco in Augusta, to be resold in

Macon. Plaintiff was to buy it and have it transported by wagons from Mayfield to Milledgeville, in consideration of which he was to have two-thirds of the profits. At that time wagons of the Confederate States were carrying supplies for the Confederate army to Mayfield, and returning empty, and the Quartermaster General authorized his subordinates to have freight brought in the wagons back from Mayfield, to be paid for in bacon for the use of the army. Huson made arrangements for such transportation with two of said subordinates, by, promising them a part of his expected profits. Defendants knew of this arrangement and assented to it. Huson did not pay any bacon for said transportation, nor indeed ever paid anything for it except a mule, to one of those subordinates, after the war.

The Court charged the jury that, if said contract for transportation from Mayfield to Milledgeville "contemplated a benefit to said Government, (the Confederate States) in the payment of freight in bacon for the soldiers of said Government, or in other valuables, to carry on the war, it was illegal, and plaintiff can not maintain an action upon it; and further, that if the contract for such transportation was made with the officers of said Government, that was sufficient evidence of an intention to benefit such Government."

Plaintiff having obtained a verdict against the defendants, they moved for a new trial upon the ground that the verdict was contrary to said charge, and the law and the testimony in the cause. The Court granted a new trial upon the ground that the verdict was contrary to said charge and the law, and that is assigned as error.

R. F. LYON, JOHN RUTHERFORD, for plaintiff in error.

W. K. DeGRAFFENREID, B. HILL, for defendants in error.

WARNER, J.

The error assigned to the judgment of the Court below, in this case, is the granting a new trial. From an examination of the evidence contained in the record, we do not think that there was such an executory contract shown, made with

*the intention* and for *the purpose* of aiding and encouraging the rebellion as made it illegal and void; the intention and purpose of the contracting parties in relation to the tobacco was to aid and benefit *themselves*, and not to aid and encourage the *rebellion ;* and that the Court below erred in granting a new trial on that ground.

There was sufficient evidence in the record to sustain the verdict of the jury.

Let the judgment of the Court below be reversed.